IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-167-GPM |
| | ) |
| W. A. SHERROD, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Sean Thompson, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.

### PROCEDURAL BACKGROUND

In January 1998, Thompson pleaded guilty to two counts of being a felon in possession of firearms and two counts involving possession of controlled substances. *United States v. Thompson*, Case No. 97-cr-241-CDP (E.D. Mo., filed Nov. 6, 1997). The sentencing court found that he was subject to sentencing under 18 U.S.C. § 924(e); he was sentenced to an aggregate of 180 months imprisonment, five years supervised release, and a special assessment of $250. No direct appeal was filed, but in 2005, he filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *Thompson v. United States*, Case No. 05-cv-1320-CDP (E.D. Mo., filed Aug. 23, 2005), *appeal dismissed*, App. No. 05-4267 (8th Cir., filed Nov. 22, 2005). In that motion, Thompson argued that he should not have been sentenced as an armed career criminal because one of his prior felonies was not a violent felony. However, the sentencing court did not consider the merits of his argument, finding that his

motion was time-barred.

### SECTION 2255 FORECLOSES REVIEW OF THE § 2241 PETITION

The analysis of Thompson's habeas corpus petition in this Court begins and ends with 28 U.S.C. § 2255. Typically, § 2255 is the exclusive means by which a federal prisoner may collaterally attack his conviction. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A federal prisoner may not seek relief pursuant to 28 U.S.C. § 2241 unless he can first show that § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

In the Seventh Circuit, § 2255 is "inadequate or ineffective" in this context only in those cases in which the statute's provisions prevent a prisoner from obtaining judicial review of a legal theory that establishes his "actual innocence." *Kramer*, 347 F.3d at 217. To succeed, Thompson must show first that the legal theory he advances relies on a change in law that (a) postdates his first § 2255 motion(s) and (b) fails to satisfy the provisions of § 2255 for successive motions. *Id.* Secondly, Thompson must establish that his legal theory "supports a non-frivolous claim of 'actual innocence.'" *Id*.

Thompson relies on a legal theory that post-dates his first § 2255 motion. The *Begay* case, on which his argument primarily relies, was not decided until 2008, a few years after his initial § 2255 motion. The next step is to determine if that theory fails to satisfy § 2255's provisions governing successive motions.

To bring a successive motion pursuant to § 2255, a petitioner must show (a) there is newly discovered evidence that clearly and convincingly establishes that no reasonable factfinder would have found the movant guilty of the crime of conviction; or (b) there is a new (and material) rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was not

previously available. 28 U.S.C. § 2255(h)(1-2).

Thompson's legal theory is not based on "newly discovered evidence" demonstrating he is actually innocent of the crime of conviction. Nor is it based on a new rule of constitutional law. Rather, it is based on a decision of statutory construction by the Supreme Court. *See Begay v. United States*, 128 S. Ct. 1581 (2008).

### ARGUMENT PRESENTED

As he did in his § 2255 motion, Thompson challenges his sentence under 18 U.S.C. § 924(e). Once again, he asserts that his 1992 conviction was not for a violent felony.

On April 16, 2008, the Supreme Court decided *Begay*, holding that the New Mexico felony offense of driving under the influence of alcohol does not constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The Supreme Court reasoned that, unlike the examples provided in the statute ("burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"), "statutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct." *Begay*, 128 S. Ct. at 1586. Thus, to determine whether a prior conviction constitutes a "violent felony," or "crime of violence" as defined by 18 U.S.C. § 16, *Begay* mandates a two-part inquiry. First, the court must find that the potentially qualifying conviction "involves conduct that presents a serious potential risk of physical injury" to another. Second, the court must determine whether such conviction is "roughly similar, in kind as well as in degree of risk posed, to the examples" listed immediately prior to the phrase "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 1584-87.

For Thompson, the prior felony conviction in question was a guilty plea to "offering

violence." At the time, the relevant statute provided:

> No offender shall commit or offer to commit violence to an employee of the department or to another offender housed in a department correctional facility, or attempt to do injury to any building or other property. Violation of this section shall be a class C felony.

Mo. Rev. Stat. § 217.385 (1989).[1]

The gist of Thompson's argument is that because the language of the statute refers to injury to a building as an alternative, his conviction was for a property crime. As such, it cannot be counted as a violent felony under 18 U.S.C. § 924(e). Thompson is incorrect. As explained by Judge Perry in the § 2255 proceeding, Thompson's presentence report contained this description of the crime in question:

> According to MDC records, the offense occurred on March 2, 1991, when the defendant assaulted several staff members in the Potosi Correctional Center dining room.

*Thompson*, Case No. 05-cv-1320-CDP (order filed Oct. 7, 2005, at Doc. 2). Clearly, this was not a property crime. Moreover, an assault on correctional officers is a "violent felony" within the scope of 18 U.S.C. § 924(e).

## CONCLUSION

Thompson fails to make a non-frivolous claim of actual innocence of the crime of conviction that is necessary to satisfy the Seventh Circuit's standard for a federal prisoner to collaterally attack his sentence via 28 U.S.C. § 2241. Thus, pursuant to 28 U.S.C. § 2255(e), the Court is without jurisdiction to consider the merits of his § 2241 petition.[2] Accordingly, the Petition is **DENIED**, and

---

[1] The statute was revised and rewritten in 1995.

[2] Of course, this Court also cannot entertain a § 2255 petition from Thompson because such petitions must be brought in the sentencing court. 28 U.S.C. § 2255(a).

the habeas corpus action is **DISMISSED with prejudice**.  All pending motions are **MOOT**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED:  10/19/09

                                              s/ *G. Patrick Murphy*
                                              G. PATRICK MURPHY
                                              United States District Judge